EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX CALDERÓN PARRILLA, acusado y apelante

Núm. 5907.—*Sometido:* Junio 12, 1936. *Resuelto:* Julio 8, 1936.

*F. Ochoteco, Jr.* y *Francisco Vizcarrondo,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

Se acusó al apelante de un delito de portar armas prohibidas, un revólver, sobre su persona. El caso fué sometido a la corte inferior por la prueba practicada en el caso criminal núm. 5906, incoado contra el mismo acusado por un delito de asesinato cometido el día 20 de marzo de 1934, haciendo uso del mismo revólver que se alega portaba ilegalmente. Sentenciado a la pena de tres meses de cárcel, el apelante interpuso el presente recurso.

Alega el apelante que la sentencia de la corte inferior es contraria a derecho; que de la prueba aparece que el revólver usado para dar muerte a Justo Maldonado fué tomado por el acusado de una tablilla donde lo guardaba en su propia

oficina; que en la fecha a que se refiere la acusación, el acusado desempeñaba el puesto de listero y celador de la colonia Machicote, de la Loíza Sugar Company, y que en los momentos en que ocurrieron los hechos se encontraba en funciones de su cargo, en su oficina, en terrenos de dicha colonia.

El acusado declaró en el acto del juicio que él era listero y celador de la colonia; que tenía el revólver con el fin de velar los intereses de la compañía y de la oficina. Su declaración no fué corroborada por los demás testigos. El testigo Perfecto Fernández, Jefe de la Oficina de la Loíza Sugar Company y jefe superior del acusado, al ser preguntado sobre si sabía cuáles eran las obligaciones del acusado como jefe de la oficina, respondió: "Tenía que salir al campo a apuntar el tiempo y el personal que trabajaba, y después venir a la oficina a hacer los *tickets* y dar toda la información."

El presente no puede ser considerado como similar al caso de *El Pueblo* v. *Bosch,* 43 D.P.R. 742. En dicho caso se admitió como un hecho probado que el acusado había estado empleado como celador de la finca durante más de veinte años y que estaba autorizado por sus patronos para portar un revólver. Esta corte resolvió que un mayordomo o celador está en su propia finca mientras actúa como tal mayordomo o celador, y por tanto comprendido dentro de las disposiciones del inciso 5 de la sección 5 de la Ley núm. 14 de 25 de junio de 1924, (pág. 114), titulada "Ley Prohibiendo Portar Armas", que excluye de la prohibición legal, la portación de armas dentro de la propia casa o finca.

La prueba demuestra claramente que el acusado poseía y portaba un revólver y que hizo uso de él para dar muerte a Justo Maldonado. Carece de importancia el hecho de que el acusado mientras estaba en la oficina guardaba el revólver en una tablilla, donde lo tenía a su alcance y disposición, en vez de llevarlo sobre su persona. De todos modos, en el momento en que sigilosamente caminaba hacia donde estaba su

víctima, para hacerle dos disparos por la espalda, el acusado que había tomado el revólver de la tablilla era portador ilegal de un arma prohibida; y también lo era cuando, después de asesinar a Justo Maldonado corrió a ocultar el arma homicida arrojándola dentro de una letrina.

Creemos que la corte inferior no erró, ni en la apreciación de la prueba ni en la aplicación de la ley al declarar culpable al acusado.

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.